John E. KRESS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19516.

United States Court of Appeals
Eighth Circuit.

May 29, 1969.

John Edgar Kress, pro se.

Calvin K. Hamilton, U. S. Atty., and Frederick O. Griffin, Jr., Asst. U. S., Atty., Kansas City, Mo., for appellee.

Before VOGEL, MATTHES and BRIGHT, Circuit Judges.

PER CURIAM:

Appellant - defendant, John Edgar Kress, *pro se* in this court, appeals from the denial of his 28 U.S.C.A. § 2255 motion to vacate and set aside his judgment of conviction, by guilty plea, of a violation of the Dyer Act, 18 U.S.C.A. § 2312. The grounds for appellant's § 2255 motion are: (1) That his guilty plea was not voluntary and was accepted by the trial court in violation of Rule 11, Federal Rules of Criminal Procedure; and (2) that he was deprived of his Sixth Amendment right to effective assistance of counsel.

The record indicates that on February 16, 1968, appellant was charged in a two-count indictment with violations of 18 U.S.C.A. §§ 2312–2313, sections of the Dyer Act. At the time of appellant's appearance before a United States Commissioner, attorneys with the Legal Aid and Defenders Society of Greater Kansas City, Missouri, were appointed to represent him. Mr. James Harrington, an attorney with the Legal Aid and Defenders Society for two and a half years, represented appellant at the arraignment and sentencing proceedings.

On March 1, 1968, appellant was arraigned and entered a plea of not guilty to both counts of the indictment. On March 9, 1968, appellant stated in a letter directed to the United States Attorney that he wanted to change his plea to guilty and receive sentence. On March 20, 1968, appellant appeared before the

District Court with his court-appointed attorney, was granted leave to withdraw his plea of not guilty, and pleaded guilty to Count I, which charged violation of 18 U.S.C.A. § 2312.[1] The following transpired at this proceeding:

"THE COURT: Mr. Kress, let me ask you this: You understand the nature of the charge against you?

"MR. KRESS: Yes, sir.

"THE COURT: We will take Count I. I presume—these counts are a little inconsistent—you just want to plead to Count I. Count I charges that you transported a stolen motor vehicle in interstate commerce knowing it to be a stolen car at the time you transported it or aided in transporting it across the state line, knowing it was a stolen car.

"Now, has anyone made any threats against you to induce you to change your plea and plead guilty to that?

"MR. KRESS: No, sir.

"THE COURT: Has anyone made you any promises that it might be easier for you or it might go better—

"MR. KRESS: No, sir.

"THE COURT: —or something to make you change your plea?

"MR. KRESS: No.

"THE COURT: No one has at all?

"MR. KRESS: No.

"THE COURT: You understand you have an absolute right to a trial by jury to determine your guilt or innocence?

"MR. KRESS: Yes, sir.

"THE COURT: Have you had all the time you need to talk this over with your family and friends and your attorney and so forth?

"MR. KRESS: (Nodded head in affirmative.)

"THE COURT: What do you say then to this charge?

"MR. KRESS: Guilty of Count I.

"THE COURT: You are guilty of Count I?

"MR. KRESS: Yes.

"MR. KITCHEN [Assistant United States Attorney]: You understand that that carries with it a maximum possible sentence of five years' imprisonment or $5,000 fine or both?

"MR. KRESS: Yes, sir.

"THE COURT: Very well, the Court will accept the plea of guilty to Count I and order a pre-sentence investigation in this matter.

* * * * * *

"MR. KITCHEN: Mr. Kress, did you in fact transport that car across the state line from Kansas to Missouri, knowing it was a stolen car?

"MR. KRESS: Yes, sir."

A pre-sentence report ordered by the court showed that the appellant had four previous felony convictions, including two violations of the Dyer Act with a sentence of 18 months in 1950 and a sentence of five years in 1961.[2] Upon inquiry from the court, the appellant stated that the report was correct as to the four felony convictions. The pre-sentence report also included a statement to the effect that the appellant had told the Federal Probation Officer that he was not guilty and had not stolen the automobile, but had "bought this car, won it and bought it and paid the difference in a poker game * * *."

On April 5, 1968, appellant appeared in court for sentencing. The following colloquy occurred at this proceeding:

"THE COURT: Is there anything you wish to tell the Court in mitigation of punishment or anything you wish to tell the Court about this offense at all

---

1. 18 U.S.C.A. § 2312 provides:

"Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

2. The other felonies were two convictions for burglary and larceny, with sentences of four and five years.

before the Court pronounces sentence upon you upon your plea of guilty?

"MR. KRESS: No, nothing that would help, I guess.

"THE COURT: Is there anything you wish to say about the matter, Mr. Harrington?

"MR. HARRINGTON: No, except that I am sure it's in the pre-sentence. Apparently he has latterly a pretty good work record and stabilized him, and I hope the Court would give that consideration."

The court then imposed a sentence of three years' imprisonment and applied the provisions of 18 U.S.C.A. § 4208(a)(2), stating to the appellant,

"* * * That (a) (2) is that you are subject to probation at any time. I presume you are familiar with that?

"MR. KRESS: Yes, sir.

"THE COURT: Any questions?

"MR. KRESS: No, sir."

Count II of the indictment, charging a violation of 18 U.S.C.A. § 2313, was then dismissed on the government's motion.

In July 1968, appellant wrote the District Court seeking to withdraw his guilty plea. Appellant asserted that he pleaded guilty because he "couldn't stand the County Jail"; that he was not guilty; that his court-appointed attorney was ineffective and did not spend sufficient time consulting with him; that his attorney advised him only to plead guilty; that his attorney stated that if he indicated any uncertainty as to his guilt when he pleaded guilty the court would not accept the plea and he would be returned to the county jail; and that for these reasons his plea of guilty was not a voluntary plea. The trial court treated this letter as a motion under 28 U.S.C.A. § 2255 and entered a show cause order.

On July 18, 1968, an evidentiary hearing was held on appellant's § 2255 motion. Appellant was present at this hearing and was represented by a new court-appointed attorney, Mr. James Deckert. Appellant testified he changed his plea from not guilty to guilty because "being

in jail * * * worked on [him] quite a bit" and he had "just lost faith" in his court-appointed attorney; that he was unable to make bond because of a hold order based upon a warrant from California; that Mr. Harrington never visited him at any time in jail and only spent a total of between five and ten minutes with him during the entire case; that at the time of the arraignment appellant believed in his own mind that he was not guilty; and that appellant got the impression from his court-appointed attorney that if he showed any uncertainty at the time of the arraignment and plea that the court would consider the plea as being one of not guilty and he would therefore go back to the county jail. Appellant further testified that he had the opportunity when he changed his plea and when sentence was imposed to state anything that would show reticence or uncertainty about the case, but did not do so because he thought his attorney's words were that the court didn't want to hear anything. Appellant stated that he had lied to the court when he pleaded guilty on March 20, 1968. With specific reference to the allegations concerning the conditions of the county jail, appellant testified as follows:

"THE COURT: Now, what were the conditions over there that—you just said it was bad. Of course, all jails are bad, none of us like to be locked up. Was there something unusual about the conditions over there that would induce you to plead guilty of a crime that you didn't think you were guilty of? I want a little more detail about that.

"THE WITNESS: Well, it was just a matter of being in there. To me, it was just that bad on me alone. It's not, probably as jails go, it's all right, I guess. I just didn't like it, that's all, and I just lost interest when I couldn't reach this Mr. Harrington to even discuss the case with him. Why, I just figured it was a loser all the way around."

Appellant testified that he told the probation officer that he had "bought

this car, won it and bought it and paid the difference in a poker game * * *." The trial judge stated to the probation officer that in reading the pre-sentence report "it rather bothered [him] on this question of guilt, from what you said [appellant] had told you". Appellant's former court-appointed attorney, Mr. James Harrington, testified that he apprised himself of all the facts in appellant's case and advised and represented him to the best of his ability; that he concurred in appellant's plea of guilty; that he would not recommend to appellant or any other defendant that he change his plea from not guilty to guilty if he wasn't guilty; that he did some investigation on the case; that he worked on appellant's bond situation; and that he probably didn't spend "a great deal of time" with appellant.

On September 27, 1968, the trial court denied appellant's § 2255 motion to set aside judgment and sentence. Appellant now appeals from this order. We affirm.

■ Initially, we note that "there can be no doubt that a conviction based upon a guilty plea not voluntarily, knowingly, and intelligently made is subject to collateral attack". Bartlett v. United States, 8 Cir., 1966, 354 F.2d 745, 751, cert. denied, 384 U.S. 945, 86 S.Ct. 1471, 16 L.Ed.2d 542. However, "a judgment cannot be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity". Smith v. United States, 8 Cir., 1964, 339 F.2d 519, 526, quoting Johnson v. Zerbst, 1938, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461. In a § 2255 proceeding, the burden of proof with regard to each ground for relief rests upon the petitioner, Amer v. United States, 8 Cir., 1966, 367 F.2d 803, 805; Smith v. United States, supra, 339 F.2d at 526; Skinner v. United States, 8 Cir., 1964, 326 F.2d 594, 597; and the findings of the trial court must be sustained unless clearly erroneous, Amer v. United States, supra, 367 F.2d at 806.

Rule 11, Federal Rules of Criminal Procedure, 18 U.S.C.A., provides:

"A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

In McCarthy v. United States, 1969, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418,[3] the United States Supreme Court stated:

"[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.

"Thus, in addition to directing the judge to inquire into the defendant's understanding of the nature of the charge and the consequences of his plea, Rule 11 also requires the judge to satisfy himself that there is a factual basis for the plea. The judge must determine 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.'"

The Supreme Court noted in McCarthy, 394 U.S. at 467, 89 S.Ct. at 1171, n. 20,

---

3. We cite *McCarthy* only because of the Supreme Court's delineation of the Rule 11 requirements therein, and note that the facts in *McCarthy* differ from those of this case and that *McCarthy* is not retroactive. Halliday v. United States, 1969, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16.

that "[t]he nature of the inquiry required by Rule 11 must necessarily vary from case to case" and "[i]n all such inquiries, '[m]atters of reality, and not mere ritual, should be controlling.'" Accord, Turner v. United States, 8 Cir., 1964, 325 F.2d 988, 989, cert. denied, 377 U.S. 946, 84 S.Ct. 1354, 12 L.Ed.2d 308; Bartlett v. United States, supra, 354 F. 2d at 751. The Rule 11 requirement that "[t]he court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea" may be satisfied "by inquiry of the defendant or the attorney for the government, or by examining the presentence report, or otherwise". Rule 11, Federal Rules of Criminal Procedure, Notes of Advisory Committee on Criminal Rules; McCarthy v. United States, *supra*, 394 U.S. at 463, 89 S.Ct. 1166, n. 6. The Supreme Court also stated in McCarthy, 394 U.S. at 470, 89 S.Ct. at 1173, that "[t]here is no adequate substitute for demonstrating *in the record at the time the plea is entered* the defendant's understanding of the nature of the charge against him". (Emphasis in original.)

In examining the record of the proceeding at which appellant pleaded guilty, it is demonstrated that the trial court personally addressed appellant and ascertained that he desired to plead guilty to Count I of the indictment, which charged that he "transported a stolen motor vehicle in interstate commerce knowing it to be a stolen car at the time [he] transported it or aided in transporting it across the state line"; that he was not threatened or induced to plead guilty; that he understood he had an absolute right to trial by jury; that he had all the time he needed "to talk this over with [his] family and friends and * * attorney"; and that he understood that the charge carried with it a maximum possible sentence of five years' imprisonment or $5,000 fine or both. Moreover, the appellant affirmatively answered the United States Attorney's question, "Mr. Kress, did you in fact transport that car across the state line from Kansas to Missouri, knowing it was a stolen car?" The trial court thus did not accept appellant's guilty plea without complying with Rule 11 by first personally addressing appellant and determining that the plea was made voluntarily with understanding of the nature of the charge and the consequences of the plea.

At appellant's sentencing, the trial judge had before him a pre-sentence report which showed that appellant had twice been previously convicted of Dyer Act violations. When appellant was granted his right of allocution, he stated that he had no questions and had "nothing [to say] that would help". At appellant's arraignment, both the court and prosecutor personally delineated to appellant the elements of the Dyer Act offense charged against him and appellant stated each time that he was guilty. Appellant's assertion of guilt in this manner, coupled with the fact of his previous Dyer Act convictions, surely demonstrated to the trial court that there was a factual basis for the plea. See, Burch v. United States, 8 Cir., 1966, 359 F.2d 69, 72. Appellant's understanding of the law in relation to the facts is further demonstrated by his testimony at the § 2255 hearing as follows:

"Q And, of course, you have had previous convictions, have you not?

"A Yes, I have had them.

"Q How many sentences have you served?

"A Two.

"Q For what?

"A *For Dyer Act, that's one reason I knew I couldn't argue the case.*" (Emphasis supplied.)

The trial court properly entered judgment upon appellant's plea of guilty.

The trial court did not abuse its discretion in not crediting appellant's statement to the probation officer that he was not guilty, that he had not stolen the automobile, and that he had won the car in a poker game, particularly in view of the fact that appellant did not exercise his right of allocution at the sentencing proceeding. Appellant's contention that

his guilty plea was coerced because he "couldn't stand the County Jail" and because "being in jail * * * worked on [him] quite a bit" is to no avail because "[d]issatisfaction with a penal condition, brought about by one's own conduct, and a hope that by a guilty plea a different kind of incarceration might be achieved are scarcely factors of involuntariness in a plea." Verdon v. United States, 8 Cir., 1961, 296 F.2d 549, 552, cert. denied, 370 U.S. 945, 82 S.Ct. 1590, 8 L.Ed.2d 811. Also to no avail is appellant's contention that he was coerced into pleading guilty because he had "just lost faith" in his court-appointed attorney. Cf., Smith v. United States, 8 Cir., 1966, 359 F.2d 481.

■ Appellant's claim that his Sixth Amendment right to counsel has been violated due to inadequate representation is immaterial in his attempt to impeach his plea of guilty, except perhaps to the extent that it bears on the issues of voluntariness and understanding. Edwards v. United States, 1958, 103 U.S. App.D.C. 152, 256 F.2d 707, 709–710, cert. denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82; Scherk v. United States, 1965, N.D.Calif., 242 F.Supp. 445, 447–448, affirmed per curiam, 9 Cir., 354 F. 2d 239, cert. denied, 382 U.S. 882, 86 S. Ct. 174, 15 L.Ed.2d 122. Appellant's Sixth Amendment claim can prevail

" 'only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court.' " Cardarella v. United States, 8 Cir., 1967, 375 F.2d 222, 230, cert.

denied, 389 U.S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176, quoting O'Malley v. United States, 6 Cir., 1961, 285 F.2d 733, 734.

Accord, Cross v. United States, 8 Cir., 1968, 392 F.2d 360, 366. Also,

"The Sixth Amendment does not require for its satisfaction that the actions of counsel result in a favorable outcome. Rather, its requirement is met whenever the accused is supplied counsel who exercises that judgment which might be expected of one trained in the law and committed to the diligent application of its principles." Taylor v. United States, 8 Cir., 1960, 282 F. 2d 16, 20.

The adequacy of counsel cannot be determined solely on the basis of the amount of time he spent interviewing his client. Brinegar v. United States, 6 Cir., 1961, 290 F.2d 656. Further, there is a presumption of competency of court-appointed counsel and a showing must be made before that presumption can be overcome. Kilgore v. United States, 8 Cir., 1963, 323 F.2d 369, 372–373, cert. denied, 376 U.S. 922, 84 S.Ct. 681, 11 L.Ed.2d 617; Taylor v. United States, 8 Cir., 1964, 332 F.2d 918, 922.

■ Careful examination of the entire record in this case discloses that appellant has not overcome the presumption of competency of his court-appointed counsel. Certainly, he has not shown that the finding of the trial court on this issue was clearly erroneous, as was his burden. Appellant's claim that his Sixth Amendment right to effective assistance of counsel was violated must therefore fail.

The order of the District Court denying appellant's § 2255 motion is affirmed.