**UNITED STATES of America, Appellee,**

v.

**Richard H. COTTON, Appellant.**

No. 20354.

United States Court of Appeals, Eighth Circuit.

Aug. 17, 1971.

Richard W. Swanson, Assistant Dean, University of Minnesota, Law School, Minneapolis, Minn., for appellant.

Joseph W. Larimore, Asst. U. S. Atty., Minneapolis, Minn., Robert G. Renner, U. S. Atty., Neal J. Shapiro, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before GIBSON and ROSS, Circuit Judges, and EISELE, District Judge.

PER CURIAM.

The defendant was convicted in a three-count jury trial of possessing and transferring counterfeit obligations of the United States and of conspiracy to pass counterfeit obligations of the United States in violation of 18 U.S.C. §§ 472, 473 and 371. He was sentenced to an aggregate of seven years imprisonment.

The only issue raised by defendant on appeal is a claimed lack at the trial stage of effective assistance of counsel as required by the Sixth Amendment to the United States Constitution. Complaint is made that trial counsel did not file any pretrial motions to suppress certain evidence which was found in the possession of defendant's two confederates. The confederates testified against defendant in his trial and later pleaded guilty to possession of counterfeit United States obligations.

We have carefully considered the entire record and find the trial counsel did a credible job with what he had to work with in defending the defendant. The record persuasively shows that defendant was the instigator of the scheme to pass counterfeit money, that he definitely had possession of at least 242 counterfeit twenty dollar federal reserve notes and thirteen $100 counterfeit notes, plus some money orders obtained with counterfeit funds. A sizeable number of these notes were passed by his confederates and he received 50 per cent of the proceeds. His defense of passing the entire proceeds on to someone else appears incredible and was not believed by the jury.

Defendant in applying hindsight on the trial tactics of trial counsel raises no substantial issue. Defendant had no right to object to the search and seizure of the counterfeit obligations found upon or in possession of his confederates. It is with particular ill grace that the defendant now seeks to indict trial counsel for failing to insist that the defendant take the stand in his own defense, when the record expressly shows that his trial counsel informed defendant that he had the right to take the stand and testify in his own behalf or not to take the stand, and that defendant on the record expressly stated he decided not to testify.

We need not in this case decide the exact test to be applied in determining the effectiveness of counsel. The representation of trial counsel in this case was well above the standard sometimes enunciated of a trial that is a sham or mockery. Slawek v. United States, 413 F.2d 957, 959 (8th Cir. 1969); Kress v. United States, 411 F.2d 16, 22 (8th Cir. 1969); Cross v. United States, 392 F.2d 360, 366 (8th Cir. 1968); Cardarella v. United States, 375 F.2d 222, 230 (8th Cir.), cert. denied, 389 U.S. 882, 88 S. Ct. 129, 19 L.Ed.2d 176 (1967). It is also clear that the representation provided by trial counsel satisfied the standard earlier articulated by this Court in Taylor v. United States, 282·F.2d 16, 20 (8th Cir. 1960):

"The Sixth Amendment does not require for its satisfaction that the actions of counsel result in a favorable outcome. Rather, its requirement is met whenever the accused is supplied counsel who exercises that judgment which might be expected of one trained in the law and committed to the diligent application of its principles."

The following remarks of Mr. Justice Blackmun, then Circuit Judge, have equal application to this case:

"[The defendant] freely equates lack of success in his criminal defense with counsel incompetency, and illogically and irrationally blames his predicament, which is primarily of his own doing, upon the inability of counsel to extricate him. Appointed counsel who devotes his talent and his time in a helpful and not well compensated effort usually deserves better treatment than this." Slawek v. United States, 413 F.2d at 958.

Under the rather aggravated evidence of this case, trial counsel did a credible job in seeking to discredit the government's witnesses and in his argument to the jury. It does not serve the administration of justice for a defendant to second-guess the trial tactics of trial counsel when obviously trial counsel was making a good faith attempt to provide able and effective representation.

Judgment is affirmed.