**Charles W. GARTON, Appellant,**

**v.**

**Harold R. SWENSON, Appellee.**

**No. 74–1041.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 18, 1974.

Decided June 11, 1974.

Rehearing and Rehearing En Banc
Denied Aug. 21, 1974.

Thomas M. Larson, Asst. Federal Public Defender, Kansas City, Mo., for appellant.

Karen Harper, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY and STEPHEN-SON, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

STEPHENSON, Circuit Judge.

In this state habeas corpus appeal appellant asks this court to depart from its standards for measuring ineffective assistance of counsel. We decline, but remand the case to the district court for an evidentiary hearing.

The underlying facts of this case can be gleaned from its long, reported history. The direct appeal from jury conviction is reported as State v. Garton, 371 S.W.2d 283 (Mo.1963). Garton's subsequent post-conviction motion pursuant to Rule 27.26, V.A.M.S., was denied without hearing and affirmed. State v. Garton, 396 S.W.2d 581 (Mo.1965). In Garton's initial federal habeas corpus proceeding the United States District Court for the Western District of Missouri, the Honorable John W. Oliver, found that an evidentiary hearing was warranted regarding Garton's federal claims. The issuance of that writ was stayed to allow the state to provide Garton with a proper Rule 27.26 hearing. Garton v. Swenson, 266 F.Supp. 726 (W. D.Mo.1967). A state hearing was held,

relief was denied, and that denial was affirmed. Garton v. State, 454 S.W.2d 522 (Mo.1970). The instant action was then begun wherein Judge Oliver denied habeas corpus relief without an evidentiary hearing. Garton v. Swenson, 367 F.Supp. 1355 (W.D.Mo.1973). Garton then filed this appeal.

Briefly, the facts are that appellant Garton allegedly robbed the Farley State Bank in Farley, Missouri. At extradition hearings held in Hobbs, New Mexico, four alibi witnesses testified that Garton was in Hobbs on or around the date of the robbery. At trial only one of the alibi witnesses was called. The jury convicted Garton of first degree bank robbery and he was sentenced to life imprisonment under the Missouri Habitual Criminal Act. On this appeal Garton primarily argues that because of the ineffective assistance he received from his retained counsel at the trial and during its preparation, he should be granted habeas corpus relief.[1] At oral argument in this court Garton's appointed counsel made clear that the primary ground upon which the ineffectiveness claim is based is that the proper procedures were not followed in seeking a continuance in which to seek the attendance at trial of certain alibi witnesses.[2]

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. The alleged grounds of ineptitude as set out in appellant's brief are as follows:

 i. Petitioner's counsel failed to make an application in writing and in the form required under Supreme Court Rule 25.08, although counsel knew or should have known of the requirements for such an application. Through the failure of counsel to make such application, a continuance was denied and appellant was deprived of important defense witnesses.

 ii. Counsel failed to make any objection or request discharge of the jury when a state's witness referred to the defendant as a well known criminal who had spent 20 or 30 years in the penitentiary. Counsel knew, or should have known, that such testimony was highly prejudicial.

 iii. Counsel failed to request any instruction on the credibility of the testimony of an accomplice. Counsel knew, or should

have known, this was a matter of extreme importance to his case.

 iv. Counsel failed to investigate the background of the trial judge to determine whether such judge was biased and prejudiced toward the defendant, when in fact the trial judge was a depositor in the Farley State Bank.

 v. Counsel failed to file a motion for acquittal at the close of the State's evidence or at the close of all the evidence.

 vi. Counsel failed to move to quash the Information as void under State law when it was filed by a prosecuting attorney who was counsel for the bank robbed, a depositor therein and a personal and political friend of the Executive Vice-President of the bank; such information being known or available to counsel through proper investigation.

2. Missouri Supreme Court Rule 25.08 provides essentially that motions for continuance are to set out specifics regarding the proposed witnesses and their anticipated testimony.

Further, there is nothing in the record to show that counsel was familiar with the provisions of § 491.420, V.A.M.S., whereby out-of-state witnesses could have been subpoenaed.[3] Appellant argues that failure to take the proper steps to procure these alibi witnesses amounts to inadequate investigation and preparation.

The trial court in denying an evidentiary hearing expressed its view that:

If we were free to apply any standard other than the "farce and mockery" rule, we would, as we have indicated, deem it necessary to conduct a further evidentiary hearing to ascertain whether defendant's counsel or anyone else involved in the case, were familiar with the fact that all of the witnesses who testified at the two extradition hearings in New Mexico could have been compelled to testify in Missouri pursuant to V.A.M.S. § 491.420, Missouri's version of the Uniform Law to Secure Attendance of Witnesses from Within or Without the State in Criminal Proceedings. Judicial notice requires recognition of the fact that New Mexico has also adopted the Uniform Act.

We would also make further inquiry into the circumstances surrounding the refusal of the trial court to grant a continuance. 367 F.Supp. at 1364–1365

The essence of the district court holding is that no matter what facts might be developed at an evidentiary hearing, an application of this court's "mockery of justice" standard for the ineffectiveness of counsel would require a denial of the writ. We think the district court has read our decisions too narrowly.

The early statement of the standard applied by this circuit is most often quoted from Cardarella v. United States, 375 F.2d 222, 230 (CA8 1967). We said:

[A] charge of inadequate representation can prevail "only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court."

 This court has not interpreted the "mockery of justice" words, of themselves, to be talismanic. Instead, we have employed them to encompass the principle that a petitioner or appellant bears the heavy burden of proving unfairness.[4]

---

If the application is on the part of the defendant it is to be supported by oath or affidavit. The record of the trial does not show that this was done. (Tr. 4–6)

3. § 491.420, V.A.M.S., provides for the compulsory attendance of out-of-state witnesses.

4. The instant case presents a situation wherein the effectiveness of retained counsel is questioned in a collateral proceeding. This court has made no distinction in the standard to be applied as between retained and appointed counsel or as between a claim raised on direct appeal from a criminal conviction and one raised in a collateral proceeding. *Compare, e. g.,* Brown v. Swenson, 487 F.2d 1236 (CA8 1973); Cross v. United States, 392 F.2d 360 (CA8 1968); Cardarella v. United States, 375 F.2d 222 (CA8 1967); Shaw v. United States, 403 F.2d 528 (CA8 1968); Scalf v. Bennett, 408 F.2d 325 (CA8 1969); Kress v. United States, 411 F.2d 16 (CA8 1969); Gerberding v. United States, 471 F.2d 55 (CA8 1973); Blanchard v. Brewer, 429 F.2d 89, 90 (CA8 1970).

Some courts have distinguished the ineffectiveness of retained counsel on the theory that when counsel is retained no state action is involved and, therefore, no due process violation can be claimed. McGriff v. Wainwright, 431 F.2d 897, 899 (CA5 1970); United States v. Handy, 203 F.2d 407, 425–427 (CA3 1953); *see* Craig, "The Right to Adequate Representation in the Criminal Process: Some Observations," 22 S.W.L.J. 260, 272 (1968). That theory has met with disfavor in recent cases. United States v. Marshall, 488 F.2d 1169, 1192–1193 (CA9 1973); West v. Louisiana, 478 F.2d 1026 (CA5 1973), rehearing en banc granted, September 5, 1973; Goodwin v. Cardwell, 432 F.2d 521, 522 (CA6 1970); *see also* Bines, "Remedying Ineffective Representation in Criminal Cases: Departures from Habeas Corpus," 59 Va.L.Rev. 927 (1973). While the *constitutional* standards for retained and appointed counsel may well be the same, other practical factors need be considered. We are not unmindful that the layman has little expertise in choosing a lawyer and should

McQueen v. Swenson, 498 F.2d 207, (CA8, filed June 4, 1974); *see also* Bruce v. United States, 126 U.S.App.D.C. 336, 379 F.2d 113, 116 (1967); Scott v. United States, 138 U.S.App.D.C. 339, 427 F.2d 609, 610 (1970). Indeed, we have expressed "the same thought in other words." *McQueen supra,* at 214; *e. g.* Brown v. Swenson, 487 F.2d 1236, 1240 (CA8 1973); Redus v. Swenson, 468 F.2d 606, 607 (CA8 1972); Robinson v. United States, 448 F.2d 1255, 1256 (CA8 1971) ("circumstances which demonstrate that which amounts to a lawyer's deliberate abdication of his ethical duty to his client"); *e. g.* Gerberding v. United States, 471 F. 2d 55, 61 (CA8 1973); United States v. Cotton, 446 F.2d 865, 866 (CA8 1971) ("counsel who exercises that judgment which might be expected of one trained in the law"). We have often combined the "mockery of justice" language with other words. *E. g.* Brown v. Swenson, *supra* at 1240; United States v. Cotton, *supra* at 866; Slawek v. United States, 413 F.2d 957, 959 (CA8 1969); Kress v. United States, 411 F.2d 16, 22 (CA8 1969); Cross v. United States, 392 F.2d 360, 366–367 (CA8 1968). We have based our decisions concerning effectiveness of counsel upon the particulars of each case. The standard for effectiveness is not easily reduced to precise words capable of rigid application.

In McQueen v. Swenson, *supra,* we dealt with a claim raised by 28 U.S.C. § 2254. We recognized the language and standards set forth by other circuits concerning ineffective assistance of counsel. We also acknowledged the logic of the American Bar Association "Standards Relating to the Prosecution Function and the Defense Function" (Approved Draft, 1971). We held that under the existing standards of this circuit the failure to make a reasonable investigation may amount to ineffective assistance of counsel.

■ In view of the district court's opinion that the facts of this case need to be more fully explored and because we take a less stringent view of the existing precedents in this circuit concerning ineffective assistance of counsel, the proper procedure is to remand this record for consideration in light of our holdings in *McQueen* and in this case. *See generally* Townsend v. Sain, 372 U.S. 293, 312–322, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). We express no view on the merits of the ineffective assistance of counsel issue but remand for an evidentiary hearing wherein the district court shall determine whether Garton's attorneys conducted an inadequate investigation which amounted to ineffective assistance of counsel; and if so, whether prejudice resulted. *McQueen, supra.*

■ Appellant's second contention is that the prosecution knowingly and purposefully withheld evidence material to the defendant. The district court stated:

We have carefully studied the various transcripts and find and conclude that the courts of Missouri properly found the relevant facts and properly applied applicable federal standards in denying

---

not be held completely responsible for the professional competency of his retained attorney. On the other hand, the trial court prior to or during trial is in a difficult position if it chooses to question the competency of a defendant's retained attorney. The defendant might well claim that the court was prejudiced or unduly interfering with trial strategy.

Regarding claims raised on collateral attack as opposed to direct appeal, this case presents an example of the inherent differences. On the record before us and because the parties have not briefed the issue, we do not now determine whether the constitutional stand-

ards for counsel's effectiveness are the same in these different types of proceedings. However, the very nature of a post-conviction proceeding requires that the petitioner make a more powerful showing. Much time has passed, witnesses have become unavailable by reason of death or otherwise, memories have dulled. For these reasons alone, petitioner has a heavier burden in demonstrating inadequacy of counsel in a collateral proceeding than he does on direct appeal. *See* Bruce v. United States, 126 U.S.App.D.C. 336, 379 F.2d 113 (1967); United States v. DeCoster, 159 U.S.App.D.C. 326, 487 F.2d 1197, 1201–1202 (1973).

petitioner relief in regard to these claims. 367 F.Supp. at 1357

We, too, have examined the applicable record, the cases and appellant's contentions. We affirm this issue upon the properly reasoned trial court discussion. Garton v. Swenson, 367 F.Supp. 1355, 1357 (W.D.Mo.1973).

Affirmed in part, reversed in part and remanded.