**UNITED STATES of America, Plaintiff,**

**v.**

**Charles CORBETT, Defendant.**

**Charles CORBETT, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 73 CR–283 W–4, 75 CV 19–W–4.**

United States District Court,
W. D. Missouri, W. D.

Feb. 7, 1975.

474

Gerald E. Kamins, Tulsa, Okl., for petitioner.

Patrick E. Eldridge, Asst. U. S. Atty., Kansas City, Mo., for respondent.

## MEMORANDUM AND ORDER DENYING THE MOTION OF THE DEFENDANT CHARLES CORBETT TO SET ASIDE JUDGMENT AND SENTENCE AND TO ALLOW DEFENDANT TO WITHDRAW HIS PLEA OF GUILTY, AND ORDER DENYING THE MOTION OF PETITIONER CHARLES CORBETT TO VACATE SENTENCE PURSUANT TO SECTION 2255

ELMO B. HUNTER, District Judge.

This matter is presently before the Court upon the motion of Charles Corbett to set aside judgment and sentence and to allow defendant to withdraw his plea of guilty pursuant to Rule 32(d), F.R.Cr.P. This motion was filed in criminal action No. 73 CR–283–W–4. Under date of January 3, 1975, the Court entered an order directing the Clerk to refile defendant's motion pursuant to Rule 32(d) F.R.Cr.P. as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. This motion pursuant to § 2255 was assigned civil action No. 75 CV–19–W–4, and was directed to be opened by the Court for the reason that defendant's motion under Rule 32(d) F.R.Cr.P., appeared to raise matters which under normal circumstances would be cognizable under a motion filed pursuant to Title 28 U.S.C. § 2255.

On January 23, 1975 both of defendant-petitioner's motions were called for a consolidated evidentiary hearing. At that hearing defendant-petitioner was represented by his retained counsel.

From the files and records in defendant's criminal action and from the stipulations and evidence adduced, the Court makes the following findings of fact.

On January 15, 1974, defendant entered his plea of guilty to the charges contained in an indictment charging conspiracy to violate § 841(a)(1) of Title 21 U.S.C. in violation of Title 21 U.S.C. § 846. Mr. Corbett's plea of guilty was entered pursuant to an agreement between him and the United States wherein he agreed to enter a plea of guilty to the charge in exchange for the recommendation of the United States that he be sentenced to a five year period of probation and a fine of $3,000. The Court, as disclosed by the record in these proceedings, accepted the recommendation of the Government, and after a determination that the defendant did not desire a presentence investigation and report sentenced the defendant on January 15, 1974 to a term of probation of five years and imposed a fine of $3,000.

In support of his motion to withdraw his plea of guilty entered on January 15, 1974, and his motion to vacate sentence imposed on that date, defendant-petitioner Corbett makes the following contentions and allegations.

"1. That on the 15th day of January, 1974, the Defendant appeared in person and by his counsel of record, Robert Hickman, and by leave of the Court withdrew his former plea of not guilty, entered a plea of guilty to Count One of the Indictment and was convicted upon his plea of guilty of wilfully and knowingly and unlawfully combining, conspiring, and agreeing with others to distribute controlled substances under Title 21, United States Code, Section 841(A)(1);

"2. That the Defendant had been informed by Counsel if he did not plead guilty he would be tried, unsevered, with the multiple co-defendants, subjecting himself

to guilt by association and endangering himself of a possible 15 year prison sentence if found guilty by a jury;

"3. That prior to this date the Counsel for the Defendant had filed no pretrial motion for dismissal, severance, or suppression of the evidence;

"4. That, in fact, all Defendants named have received severance to date and will not be subjected to the danger or risk of guilt by association;

"5. That on the date of sentencing he was made familiar with the duration of his suspended sentence and the amount of fine assessed; that he was not informed by counsel that his plea of guilty was to a felony type charge and that his plea was entered into by justifiable ignorance of his rights, without understanding the consequences of his actions and, as a result of a fear generated by Counsel of any alternative action that he might take;

"6. That Defendant's plea of guilty was entered by mistake, by misapprehension and under a misconception of the nature of the charge and a misunderstanding of its effect as a result of Counsel to properly inform him of the characteristics of the charge; that the plea was entered into ill-advisedly;

"7. That the Defendant pleaded guilty not because he was guilty but on the advice of Counsel that if he subjected himself to jury trial with his co-defendants and was found guilty the sentence would exceed the sentence imposed upon a plea of guilty; that the Defendant's plea was not freely and understandingly entered;

"8. That the Defendant and Counsel did not realize or have knowledge or make inquiry of the fact his plea of guilty to a felony would result in discipline and possible removal from his employment with the Federal Aviation Administration of the Department of Transportation;

"9. That a presentence investigation was not conducted prior to sentencing and that the Court was without the knowledge and insight that any investigation might have brought to the Court's attention prior to sentencing;

"10. That this Motion has been seasonably filed and the Defendant should not be prejudiced by lapse of time."

From the above and from the brief which has been submitted by defendant-petitioner in support of his motions, it appears that the essence of defendant's claim is that he would not have entered his plea of guilty but for the representations made by his attorney of record, Robert Hickman, which he asserts caused a misunderstanding and a misconception of the circumstances of his impending trial. Thus, defendant-petitioner contends that due to the ineffective or incompetent assistance of counsel his plea of guilty was not freely and understandingly entered into.

At the evidentiary hearing on defendant-petitioner's motions he testified at length concerning the events surrounding his arrest, arraignment, plea of guilty, sentencing and conferences with his retained counsel. Mr. Corbett stated in effect that his counsel failed to explain any of the court proceedings to him, and in fact testified that his attorney was convinced he was guilty, told him that he would be tried with approximately thirty-two co-defendants in this case, that his defense would not "hold water", that he would be convicted because of his association with co-defendants and that if he went to trial the Court would hold that fact against him and give him the maximum sentence if convicted.

Specifically referring to his appearance before the Court on January 15, 1974, wherein he entered his plea of guilty to the charge in Count I of the indictment, Mr. Corbett testified that he did not comprehend or understand any of the proceedings which were taking place, and that he would have said anything to get out of the courtroom. He further testified that all of his responses to the questions posed to him by the Court were not in fact his responses but were made on cue by his retained counsel at the time.

Notably, Mr. Corbett testified on cross-examination that at the time of his arraignment and plea of guilty he was not under the influence of any drugs, and he was not suffering from any mental illness or physical impairment. He stated that he was in complete control of his faculties at all times he appeared before the Court. The testimony of Mr. Corbett's attorney, Mr. Robert Hickman, on the most part contradicted that offered by Mr. Corbett. Mr. Hickman testified that he was retained by defendant-petitioner in December of 1973 to defend him on the charges brought forth in the indictment in No. 73 CR 283 W–4. Mr. Hickman stated that he discussed the charges with Mr. Corbett for the first time at the time of the omnibus hearing in mid-December of 1973. He stated that following the omnibus hearing he reviewed the Government file and further discussed with Mr. Corbett the evidence which was contained in the Government's investigative file. He stated that he completely discussed with Mr. Corbett his involvement in the matters charged in the indictment and listened to Mr. Corbett's version of the offense. Mr. Hickman stated that following these discussions there was no doubt in his mind that Mr. Corbett was involved in the offense, and that he related to Mr. Corbett that the probable outcome of the criminal proceedings would be conviction on the basis of the material contained in the Government's investigative file and the lack of a defense which could be brought forth by Mr. Corbett. Mr. Hickman further stated

Mr. Corbett related to him that his primary concern in the matter was to enter a plea of guilty and to avoid confinement in an institution. Mr. Hickman stated that he determined from Mr. Corbett's record of employment and reputation and character that he might be able to avoid confinement by a plea bargaining arrangement with the prosecuting authorities. He stated these matters were discussed with the attorney for the United States numerous times prior to the entry of the plea of guilty and that prior to the entry of a plea of guilty the bargain which is disclosed in the record of the plea was reached. Notably, defendant's attorney stated that prior to the Court appearance on January 15, 1974, he had discussed the matter of the plea of guilty and recommendation of sentence with Mr. Corbett and that from all appearances Mr. Corbett knew all of the details of the agreement. Defendant's counsel stated that at this time the reaction of Mr. Corbett was "elation" because it appeared he would not receive a sentence of incarceration. Mr. Hickman emphatically stated that he did not cue or tell Mr. Corbett in what manner to respond to the questions posed by the Court at the time of the entry of the plea of guilty. He did state, however, that prior to the Court appearance he informed the defendant of the procedures which would be followed and the tenor of the questions which would be posed by the Court. Mr. Hickman stated that at no time did the defendant express dissatisfaction with the plea arrangement.

The transcript of the proceedings of the arraignment of the defendant-petitioner on December 20, 1974, and the transcript of the proceedings wherein defendant-petitioner entered his plea of guilty to the charge in the indictment on January 15, 1974 were received in evidence by the Court at the hearing on defendant-petitioner's motions. These transcripts reveal that at the time of his arraignment defendant-petitioner was fully advised of the nature of the charges against him, his right to plead guilty or not guilty as he so desired, and of all the

constitutional rights which he had in these proceedings. Furthermore, at the arraignment of Mr. Corbett and other defendants in criminal action No. 73 CR 283 W-4 Mr. Corbett was fully advised of the potential for a conflict of interest should his counsel represent a co-defendant in addition to representing Mr. Corbett. The evidence adduced at the evidentiary hearing in this cause reveals that following this advice by the Court Mr. Corbett discussed these matters with his counsel, and following this discussion his counsel agreed that only Mr. Corbett would be represented and that his counsel would not represent a co-defendant in this case. The record reveals that Mr. Corbett did enter his plea of not guilty during his arraignment on December 20, 1973.

The record of the proceeding on January 15, 1974, reveals that at that time prior to entering his plea of guilty defendant-petitioner, Charles Corbett, was fully advised by the Court of the nature of the charge against him and maximum penalty applicable should he be convicted on the charge or should he enter a plea of guilty, and of his rights under the United States Constitution. Mr. Corbett was fully advised of his fifth amendment right never to say or do anything that might tend to incriminate him and he was advised that any plea other than a plea of not guilty would, of course, be an incriminating plea and act on his part. The Court fully explained to Mr. Corbett in considerable detail his right to a jury trial, the fact that the Government would have the burden of proof of proving guilt beyond a reasonable doubt as charged, his right to be present at that trial, to be assisted throughout by his attorney, to be confronted with the evidence against him, to have evidence adduced on his own behalf, including his own testimony if he wished to testify. He was further advised of his right to have witnesses subpoenaed and be present at the trial and testify on his behalf, his right to file certain motions and his right to an appeal should he be convicted

upon trial. Prior to the entry of plea of guilty Mr. Corbett was fully advised of the fact a plea of guilty would be a waiver of those rights. Throughout the proceedings Mr. Corbett indicated he understood those things which were told him by the Court and that he recalled that he was advised fully of his constitutional rights at the time of his arraignment. He stated having all these things of mind that he wished to tender a plea of guilty. He further stated that the entire plea bargaining agreement was that in the event he pled guilty the Government would recommend that his sentence be with the imposition of incarceration being withheld and that he be placed on probation for five years and fined $3,000. Mr. Corbett indicated on the record that this was his understanding of the full, complete and accurate plea bargaining arrangement. Furthermore, defendant-petitioner stated to the Court that other than the plea bargain arrangement which had been fully and fairly stated into the record, no one had promised him anything in order to get him to enter the plea of guilty, and no one had threatened him in any way in order to induce the guilty plea. He stated that his tendered plea of guilty was entirely his voluntary act and voluntary plea and that he understood the consequences of his act. The Court determined that there was a factual basis for the plea by directing an inquiry to defendant's counsel as to his opportunity to inspect the evidence which the Government planned to introduce at a trial against Mr. Corbett, and by addressing specific questions to Mr. Corbett. On inquiry from the Court, Mr. Corbett stated that he and a co-defendant had agreed to smuggle cocaine from Santiago, Chile, to the United States of America as charged in overt act numbered 56 of the indictment. Mr. Corbett further stated that as charged in overt act number 57, Charles Corbett and Walter Whitecrow flew from Los Angeles, California, to Santiago, Chile, in furtherance of the conspiracy. Defendant's counsel stated he was satisfied from his own investigation and from the in-

formation which had been provided by the Government that substantial testimony and evidence in support of each and every element of the offense charged against Mr. Corbett in Count I of the indictment was available to the Government for trial, and Government's counsel stated on the record that it did have available for trial substantial evidence in support of each and every element of the offense charged against Mr. Corbett in Count I of the indictment.

Following the Court's acceptance of the plea of guilty and an indication that the Court would follow the recommendation of sentence which had been proposed by Government counsel, Mr. Corbett was advised that the Court would if he so desired order a presentence investigation and report and continue the case for sentencing at some future date. Following consultation with his counsel, his counsel advised that Mr. Corbett would waive the presentence investigation and report and agree to being sentenced at that time. On inquiry by the Court Mr. Corbett stated that this was agreeable with him. On allocution Mr. Corbett was given the opportunity to make any showing he wished to make in mitigation of punishment or in connection with his case or any matter including why sentence should not be passed as a part of that proceeding. Mr. Corbett at that time indicated to the Court that he had no statement to make. Following this indication Mr. Corbett was sentenced in accordance with the plea bargaining arrangement. Following sentence the Court directed inquiry to Mr. Corbett if the arrangement was satisfactory with him including special conditions of probation that his conduct remain lawful, and he was asked directly by the Court if he wished to withdraw his plea of guilty to the charge which he had just entered. At this time the defendant stated that he did not wish to withdraw his plea of guilty.

From the evidence adduced before the Court at the evidentiary hearing on January 23, 1975, including the transcript of defendant's arraignment and plea of guilty the Court finds that there is no credible or substantial evidence which would indicate that Mr. Corbett's plea of guilty was not in fact voluntarily, knowingly, and intelligently made with a full understanding of the consequences of his act. The credible testimony and evidence establishes that defendant-petitioner Corbett entered his plea of guilty of his own volition and with full knowledge of the nature of the charges against him, the maximum penalties applicable under those charges, and his constitutional rights. Under the circumstances the contention by the petitioner as to the validity of his plea must be overruled. See, generally, *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). There is in this case a complete record of the factors relevant to the voluntariness of the guilty plea at the time the plea was entered, and the record fully discloses a factual basis for the plea. It is clear that the conduct which the defendant admitted on the record constituted the offense charged in the indictment to which the defendant had entered his plea of guilty. The Court personally addressed Mr. Corbett, his counsel, and Government counsel in satisfying itself that there was a factual basis for the plea of guilty. It is abundantly clear that the conduct which the defendant admitted constituted the offense charged in the indictment to which he had entered his plea of guilty. Furthermore, the promise or agreement which had been made by counsel for the Government in this case was fulfilled on the record in that the recommendation was made to the Court, and it is worthy to note that this recommendation was followed by the Court in sentencing.

As far as the contentions of Mr. Corbett concerning the competency or adequacy of his retained counsel are concerned, suffice it to say that petitioner Corbett has offered no credible showing which would indicate that his guilty plea was involuntarily tendered as a result of the advice of his counsel. The

record in this case and the testimony offered by Mr. Corbett establishes that he is a reasonably intelligent, mature man who has for a period of approximately fourteen years held a job which requires a large amount of responsibility. Prior to·entering his plea of guilty he had been in Court several times and was not unfamiliar with the atmosphere of the courtroom. This Court does not find his testimony regarding his misunderstanding of the proceedings which took place in his presence at the time of his plea of guilty to be credible. Further, the Court does not find credible Mr. Corbett's testimony that his responses to inquiry by the Court at the time he entered his' plea of guilty were in some manner prompted by his counsel.

Regarding defendant-petitioner's contentions concerning the effective assistance of his retained counsel, the Court finds that these contentions are without merit. The credible evidence reveals that Mr. Corbett was not intimidated, misled, or threatened by his counsel. The Court finds that there is no credible evidence to support Mr. Corbett's allegations that his counsel in some manner threatened or forced him into entering his plea of guilty by making false representations to him. Defendant's contentions in this regard are totally without merit and under the applicable standards he was afforded the effective assistance of counsel. Clearly, Mr. Hickman's service and handling of defendant's criminal matters does not in any way appear to have been ineffective, inadequate, or incompetent. See *McQueen v. Swenson,* 498 F.2d 207 (8th Cir. 1974); *Garton v. Swenson,* 497 F.2d 1137 (8th Cir. 1974); *Johnson v. United States,* 506 F.2d 640 (8th Cir. 1974). Under the evidence adduced the Court finds that Mr. Hickman fully performed his duty to serve his client effectively. See *Cardarella v. United States,* 375 F.2d 222 (8th Cir.), *cert. denied* 389 U.S. 882, 88 S.Ct. 129, 19 L. Ed.2d 176 (1967); *Brown v. Swenson,* 487 F.2d, 1236 (8th Cir.) *cert. denied* 416 U.S. 944, 94 S.Ct. 1952, 40 L.Ed.2d 296 (1974).

A defendant who enters a plea of guilty has no absolute right to withdraw that plea under Rule 32(d) of the Federal Rules of Criminal Procedure. *Richardson v. United States,* 217 F.2d 696 (8th Cir. 1954). The Court finds no basis for allowing petitioner to withdraw his plea of guilty under the provisions of Rule 32(d) F.R.Cr.P. And for the reasons stated above, treating petitioner's motion as a motion to vacate his sentence under the provisions of § 2255 of Title 28 U.S.C., petitioners' motion is without merit. Mr. Corbett's claim that his sixth amendment right to counsel has been violated due to inadequate representation is immaterial in his attempt to impeach his plea of guilty, except perhaps to the extent that it bears on the issues of voluntariness and understanding. See *Kress v. United States,* 411 F.2d 16 (8th Cir. 1969). The record in this case clearly establishes that the plea of guilty entered by Mr. Corbett on January 14, 1974 was voluntary, knowledgeable, and made with a full understanding of the consequences of the act. The proceedings in all respects were in compliance with Rule 11 of the Federal Rules of Criminal Procedure and with applicable federal constitutional standards.

Accordingly, for the reasons stated above, the motions of Charles Corbett to withdraw his plea of guilty in criminal action No. 73 CR 283 W-4 and to vacate the sentence imposed in that criminal action are hereby denied.

It is so ordered.