THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES BOCKMAN, Appellant.

First Department, February 26, 1932.

*William F. McNulty* of counsel [*Harold R. Medina* and *Joseph D. Kelly* with him on the brief; *Joseph D. Kelly*, attorney], for the appellant.

*Sol Ullman, Deputy Attorney-General*, of counsel [*John J. Bennett, Jr., Attorney-General*], for the respondent

O'MALLEY, J. The defendant has been convicted as a second offender of unlawfully practicing medicine in violation of the Education Law (§ 1250, subd. 7; §§ 1251, 1262 and 1263, added by Laws of 1927, chap. 85, as amd. by Laws of 1927, chap. 490, amdg. § 1262). The evidence was ample to justify a finding of guilt. We concern ourselves only with the question of the sentence pronounced.

Punishment for the offense charged is provided for in section 1263 (*supra*), which reads: " Such misdemeanor shall be punishable by imprisonment for *not more than* one year or by a fine of *not more than* five hundred dollars, or by both such fine and imprisonment for each separate violation, and for a second offense shall be punishable by both *such* fine and imprisonment." (Italics ours.)

The learned justices of Special Sessions imposed upon the defendant the maximum penalty of one year in the penitentiary and in addition thereto a fine of $500 or 200 days' imprisonment in default of the payment of the fine. This sentence was pronounced upon the assumption that the statute was mandatory and that no lesser punishment might be imposed.

In our view the court erred in thus construing the statute. In the case of a first offender the court is vested with discretion, either to imprison, or fine, for not " more than " one year, or by " not more " than $500. It may also impose both fine and imprisonment. For a second offense, however, the imposition of " both such fine and imprisonment " is obligatory.

We do not construe the words last quoted as depriving the court of all discretion. All that the Legislature seems to have intended was that there should be both imprisonment and a fine. We interpret the statute to require in the case of a second offender, not only a fine, which may be the full extent of the punishment in the case of a first offender, but also a term of imprisonment, neither one of which shall exceed the maximum provided.

In so deciding we do not presume to pass upon the propriety of the punishment here imposed. That is a matter solely for the consideration and decision of the justices at Special Sessions.

In the event that we should construe the statute as now indicated, we were requested by the Attorney-General to direct that the defendant be produced on a day certain for resentence, in accordance with the provisions of section 543 of the Code of Criminal Procedure (as amd. by Laws of 1919, chap. 282), and section 40 of the Inferior Criminal Courts Act of the City of New York (Laws of 1910, chap. 659, as amd. by Laws of 1925, chap. 615). We, therefore, direct the defendant be produced for resentence on a day to be fixed on the settlement of the order.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Judgment modified in accordance with opinion. Defendant to be produced for resentence on a day to be fixed in the order. Settle order on notice.