**STATE, Plaintiff, v. DEER, Defendant.**

Common Pleas Court, Greene County.

No. 8875.  Decided June 20, 1955.

George R. Smith, Prosecuting Attorney, Xenia, for plaintiff.
James F. Cox, Xenia, for defendant.

## OPINION

By JOHNSON, J.

This matter came on to be heard upon a demurrer filed by the defendant to the indictment and was submitted to the Court.

The defendant was indicted under §2949.34 **R. C.** and the indictment reads as follows:

"The State of Ohio, Greene County, SS: Court of Common Pleas. Of the Term May in the year of our Lord, one thousand nine hundred and fifty-five. The jurors of the Grand Jury of said County, on their oaths, in the name and by the authority of the State of Ohio, do find and present that Fred T. Deer, late of said County, at the County of Greene aforesaid,

has been three times and over convicted and sentenced for misdemeanors involving moral turpitude under the laws of this State, all of said convictions were obtained in the Courts listed below, in the cases therein listed and at the times indicated, to-wit:

| Case No.: | Date: | Offense: |
|---|---|---|
| 4228 | 4/26/53 | Driving while intoxicated |
| 4398 | 5/23/53 | Intoxication |
| 5517 | 1/19/54 | Driving while intoxicated |
| 6168 | 5/12/54 | Disorderly conduct |
| 6512 | 6/26/54 | Driving while intoxicated |

"In the Xenia Municipal Court

| 18095 | 5/16/55 | Disorderly conduct |
|---|---|---|

"Contrary to §2949.34 R. C., and against the peace and dignity of the State of Ohio."

Sec. 2949.34 R. C. provides as follows:

"Whoever, having been three times convicted and sentenced for misdemeanor involving moral turpitude, under the laws of this State or an ordinance of a municipal corporation, in this State or elsewhere, is convicted of an offense involving moral turpitude, under the law of the state or an ordinance of a municipal corporation, if the judge or magistrate is authorized to commit the offender to the workhouse or jail, is an 'habitual offender' and may be imprisoned in the workhouse or jail not less than one nor more than three years. In such cases the judge may order such person committed to such workhouse or jail until the costs of prosecution are paid or he is discharged. Such repeated misdemeanors, as provided in this Section and §2949.33 R. C., shall be charged in the information or complaint made against such offender, and if proven shall be stated in the commitment to the workhouse or jail."

In order to invoke the punishment provided under this Section, it is necessary that the defendant have been convicted three or more times of misdemeanors or violations of city ordinances involving moral turpitude It is, therefore, necessary to determine whether the convictions enumerated in the indictment, or at least three of them, were convictions for crimes involving moral turpitude.

The statute does not define what is moral turpitude, but the Courts in this State and other states have passed upon his question. In the cases of In re: Burch, 73 Oh Ap 97, and In Re: Jacoby, 74 Oh Ap 147, the Courts define the term moral turpitude. In the former case at page 101, it says:

"Webster's New International Dictionary (2 Ed.) defines 'turpitude' as 'inherent baseness or vileness of principle, words, or actions; depravity.' 'Moral' used in such connection, is defined as '4. Pertaining to character conduct, intentions, social relations, etc.' And the legal term 'moral turpitude' is defined as 'the quality of a crime involving grave infringement of the moral sentiment of the community as distinguished from statutory mala prohibita.' These are precisely the definitions which have been used by the courts in defining 'moral turpitude.'

"The definition given in 2 Bouvier's Law Dictionary, Rawle's Third Revision, page 2247, is as follows:

" 'Moral Turpitude. An act of baseness, vileness or depravity in the

private and social duties which a man owes to his fellow men or to society in general, contrary to the accepted and customary rule of right and duty between man and man.'

"The moral turpitude that may be involved in the commission of a crime does not exist merely because there has been a crime committed—a mere violation of law—on the theory that it is immoral to violate any law. The use of the term 'moral turpitude' in our statute providing for disbarment (§1707 GC) clearly contemplates something more than conviction of a crime; otherwise the use of the words would be the introduction of mere surplusage into the statute.

"If a crime is one involving moral turpitude, it is because the act denounced by the statute offends the generally accepted moral code of mankind."

It is thus established in Ohio that the conviction of a crime does not ipso facto constitute moral turpitude. This conclusion seems well established in the United States generally. See Words and Phrases, Volume 27, page 553, et seq.

It would thus seem that the test in Ohio and generally is whether the "act denounced by the statute offends the generally accepted moral code of mankind."

The State of Ohio is in the business of selling liquor. It has the State stores and, also, issues permits to others to sell it. Therefore, the drinking of intoxicating liquor is not in and of itself moral turpitude. If it is, then the State of Ohio is guilty of contributing to it.

The five convictions set forth in the indictment all seemingly involve intoxication, three of them involving driving an automobile while intoxicated.

In the question of intoxication itself, it has been held in Ohio in an early case that, "Ordinarily a state of intoxication is a physical disability, voluntarily incurred, but whether accidental or intentional it is not a crime in itself involving moral turpitude." Landis v. Caylor, 5 ONP R, 216.

Although there have been no cases that the Court knows of in Ohio on the question as to whether drunken driving involves moral turpitude, the following cases have held that it does not:

1. Traders & Gen. Ins. Co. v. Russell, 99 SW 2d, 1079:

"Where principally controverted issue in proceeding under compensation act was whether employee, who was killed while driving employer's truck, was intoxicated, admitting testimony of witnesses of long acquaintance that employee was not a drinking man held error, since offense of driving automobile while intoxicated does not involve moral turpitude, and testimony that employee was intoxicated did not put in issue his character for truth or honesty."

2. Groves v. State 164 SE, 823, to the effect that driving an automobile on a public road while in an intoxicated condition does not involve moral turpitude.

There are many misdemeanors listed under the Revised Code of Ohio, which do involve moral turpitude, they being as follows:

Secs. 2905.27; 2905.30; 2905.31; 2905.34; 2905.33; 2905.36; 2905.38; 2905.39;

518

2905.40; 2905.42; 2905.08; 2905.09; 2905.14; 2903.08; 2901.18; 2901.15 R. C., and others.

Therefore, it would seem to the Court that the State of Ohio meant to include these offenses which involve moral turpitude about which there can be no question. If it had simply wanted to make a man an habitual offender by a violation of certain sections more than three times it would have left out the words moral turpitude.

Therefore, the Court thinks that the demurrer in this case is well taken, and the same is sustained, and the defendant is ordered released from custody and discharged.