**GOVERNMENT OF the CANAL ZONE, Plaintiff-Appellee,**

v.

**Luis Alberto Rios C. (Corrella), Defendant-Appellant.**
**No. 72–3292**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.
June 22, 1973.

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**1254**

W. J. Sheridan, Jr., Federal Public Defender, Balboa Heights, Canal Zone, for defendant-appellant.

Lester Engler, U. S. Atty., Balboa, Canal Zone, for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

This 17 year-old appellant, Luis Alberto Rios C. (Corrella), was convicted below in a nonjury trial for the nighttime burglary of a residence which re-

sulted in his being sentenced to three years at hard labor in the penitentiary. Notice of appeal was timely filed with this Court on September 22, 1972 but on December 4, 1972 the record was returned to this Court by the public defender of the Canal Zone [1] with a cover letter stating that "I am unable to find in the record any appealable error and am of the same opinion as the trial judge . . . that the appeal is frivolous." This Court, by Chief Judge's order, ordered the public defender to comply with the prescribed procedure set out in Anders v. California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 for withdrawing as appointed counsel for a defendant in a criminal appeal. The public defender responded by filing a brief on the merits in appellant's behalf.

Though this brief raises a close question as to whether there was sufficient corroborative evidence supporting the testimony of appellant's alleged accomplice in the burglary to satisfy the requirement of 6 C.Z.Code § 42(a),[2] we decline to decide that issue at this time. Instead, we reverse the judgment of the court below and remand for a new trial. We take this course because our review of the record leaves us entirely unconvinced that this defendant was accorded the quality of representation which the Sixth Amendment guarantees an accused in a criminal trial. Our reading of the record reveals serious questions regarding the legality of appellant's detention, search, and arrest, none of

---

1. Title 3, § 10 of the Canal Zone Code makes the following provision for appointed counsel in criminal cases:

 "The Governor shall appoint a qualified member of the Canal Zone as a public defender. The public defender shall receive such compensation and such of the privileges of a Canal Zone Government employee as are fixed and granted by the Governor.

 The public defender shall represent, in the district court, any person charged with the commission of a crime within the original jurisdiction of the district court who is unable to obtain counsel

for his defense, unless, in an exceptional case, the court assigns other counsel. 76A Stat. 53."

2. Title 6, § 42 of the Canal Zone Code provides in part:

 "(a) A conviction can not be had on the testimony of an accomplice unless his testimony is corroborated by other evidence which in itself and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

which were objected to below by counsel.[3] Also, we note certain conflicts in the testimony which were not pursued below by counsel during cross-examination.[4] In short, here we conclude in our supervisory powers that the dictates of fairness require that appellant be tried again. There it ends.

Reversed.

---

3. We express no opinion regarding the legality of these stages of the proceedings below nor as to the admissibility of the evidence resulting therefrom. We only point to a pattern of pro forma, almost passive, performance by counsel throughout the trial. This was, of course, further evidenced by counsel's characterization of the appeal initially as frivolous. Then, after our admonishment, suddenly merit appeared.

4. An example of conflict, apparently unnoticed by counsel, occurred when the complaining witness testified that after being awakened by his barking dogs he was alerted that someone was in his house when he saw a flashlight light in his living room. The accomplice testimony was that no light was used during the burglary.