**James B. CRISMON, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 74–1332.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1974.

Decided Feb. 10, 1975.

Bernard Passer, Kansas City, Mo., for appellant.

Wesley Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

LAY, Circuit Judge.

Petitioner sought post-conviction relief under 28 U.S.C. § 2255 from his conviction on five counts of misapplying bank funds (18 U.S.C. § 656), two counts of fraud (18 U.S.C. § 1005), and one count of mail fraud (18 U.S.C. § 1341). On direct appeal his conviction was affirmed without opinion. United States v. Crismon, No. 71–1493 (8th Cir. filed March 20, 1972), cert. denied, 409 U.S. 890, 93 S.Ct. 104, 34 L.Ed.2d 147 (1972). Petitioner received two hearings before the district court on his § 2255 petition and was denied relief. This appeal followed.

Petitioner asserts four grounds for relief: (1) the admission of certain testimony of a witness, June Saltz, in the original trial, (2) the alleged use of perjured testimony by the government, (3) the allegedly ineffective assistance of his retained counsel, and (4) that the charges against him were politically motivated. Upon a thorough review of the record we reject each of these claims.

First, it is fundamental that error in the admission of testimony at trial is an improper ground upon which to base a claim for post-conviction relief in a proceeding under § 2255. See Houser v. United States, 508 F.2d 509 (8th Cir. 1974), and cases cited id. at n. 38.[1]

Second, although the knowing use of perjured testimony is cognizable under § 2255, Houser, supra, the burden remains on the petitioner to prove the government's knowledge at the time of its use. See Hallman v. United States, 490 F.2d 1088, 1090 (8th Cir. 1973); United States v. Hester, 489 F.2d 48, 51 (8th Cir. 1973); Sykes v. United States, 341 F.2d 104 (8th Cir. 1965); Holt v. United States, 303 F.2d 791, 794 (8th Cir. 1962), cert. denied, 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132 (1963); Taylor v. United States, 229 F.2d 826, 832–33 (8th Cir.), cert. denied, 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500 (1956). The district court considered this claim at length and found there were apparent inconsequential inaccuracies in the testimony of John Williams but that they were developed on cross-examination and in no manner rose to the level of perjury. Our examination of the claim indicates its frivolous nature.

Third, petitioner asserts that he received ineffective assistance from his retained counsel.[2] He alleges (1) that his counsel failed to effectively investigate the case against him, (2) that he failed to call his son, Larry, as a witness, and (3) that his counsel considered the case indefensible and stated as much to the court. The district court carefully considered these allegations and found the petitioner had received effective assistance of counsel.[3]

---

1. As the district court found, this precise claim was raised and disposed of on direct appeal. See Brief for Appellant at 9, United States v. Crismon, No. 71–1493 (8th Cir. 1971).

2. We take no occasion here to discuss whether there exists a different constitutional standard of review where counsel is retained rather than appointed. Cf. Fitzgerald v. Estelle, 505 F.2d 1334 (5th Cir. 1974) (en banc). This court has always assumed the standard of review to be the same. Cf. Garton v. Swenson, 497 F.2d 1137, 1139 n. 4 (8th Cir. 1974); Brown v. Swenson, 487 F.2d 1236 (8th Cir. 1973), cert. denied, 416 U.S. 944, 94 S.Ct. 1952, 40 L.Ed.2d 296 (1974); Cross v. United States, 392 F.2d 360 (8th Cir. 1968).

3. The trial court in its memorandum opinion said:

Next we consider the contention that petitioner received ineffective assistance from his retained counsel, Charles Shaw. Petitioner complains that Shaw devoted an insufficient amount of time in consulting with him and in investigating the merits of the charges, arguing that more intensive investigation would have developed more exculpating evidence. He also second-guesses Shaw's trial strategy and tactics. We find no substance to this point.

Shaw has specialized for many years in the defense of persons charged with crime. He manifested at the hearing his sincere disappointment, both in failing to persuade the jury that petitioner was innocent, as

■ There is nothing within the present record which persuades us that the district court erred in this finding. Petitioner carries a heavy burden to demonstrate the lack of effective assistance of counsel. McQueen v. Swenson, 498 F.2d 207 (8th Cir. 1974); Garton v. Swenson, 497 F.2d 1137 (8th Cir. 1974). The fact that an acquittal was not obtained is not relevant to the question of whether counsel was effective or not. *See* Johnson v. United States, 506 F.2d 640 (8th Cir. 1974). The record indicates petitioner received a fair trial and that his trial counsel exercised the customary skill and diligence of a reasonably competent criminal attorney in the assistance he rendered. There exists no magic formula[4] for reviewing claims of ineffective assistance of counsel. Once the claim is raised judges must still make a legal judgment as to whether, in face of the allegations made and the proof adduced, the defendant was materially prejudiced in the defense of his case by the actions or inactions of his counsel. We find no evidence to sustain the charge here.

Finally, defendant raises here for the first time the claim that his prosecution was politically motivated. Although this claim was not raised in the district court, we have considered it and we find it spurious.

Judgment affirmed.

well as in his lack of success in his subsequent representation of petitioner (post-trial motions, appeal to the Court of Appeals, certiorari to the Supreme Court). He and his office associates devoted hundreds of hours to the preparation of the defense and in the investigation of pertinent matters, of which some 30 or 40 hours prior to the 9-day trial were spent by Shaw in conferring directly with petitioner, to say nothing of the additional time spent for this purpose during the trial itself. He skillfully examined and cross-examined the witnesses. At no time did petitioner indicate that he felt Shaw's defense to be inadequate until this proceeding was instituted. On the contrary, he expressed gratification with Shaw's work, and this is corroborated by the fact that Shaw handled the appellate work.

Aside from his general complaint that Shaw did not sufficiently investigate the case, petitioner attacks Shaw in two specific instances. One relates to Shaw's decision (concurred in by petitioner and petitioner's wife) not to call Larry Crismon, petitioner's son, as a witness. Larry was involved in two counts, VI and VIII. . .

The decision respecting Larry was a matter of trial strategy and tactics. It appeared to Shaw that Larry, a very volatile and emotionally unstable individual, would have unintentionally strengthened the government's case, particularly on Count VIII. . . . Petitioner now argues that because Shaw had also represented Larry in his legal problems, there was a conflict of interest. We do not agree. Petitioner further contends that in causing Larry to stay away from the court-room, Shaw might have been motivated by a desire to prevent Larry from incriminating himself to the detriment of petitioner. We find no basis whatever for this serious reflection upon Shaw's integrity.

As noted by the Court of Appeals in Robinson v. United States, 8 Cir., 448 F.2d 1255, 1256, "Hindsight can always be utilized by those not in the fray so as to cast doubt on trial tactics a lawyer has used." Even poor judgment as to strategy "cannot support a belated claim of ineffectual counsel."

Finally, petitioner seizes upon the tongue-in-cheek remark of Shaw (out of the hearing of the jury at the start of the trial when the government dismissed Count V), to the effect that Count V was the only one to which he had a defense. The comment was jocular and recognized as such when made by both the Court and government counsel. This statement in no wise convicts Shaw of inadequate representation of petitioner. Rather, it simply demonstrates that joking remarks should be made off the record, if at all.

. . . In our judgment, there is no reasonable basis for the charge that Shaw failed in his professional duty to petitioner.

4. *See* cases collected in Garton v. Swenson, 497 F.2d 1137 (8th Cir. 1974).