**UNITED STATES of America, Appellee,**

v.

**Joseph Ward EASTER, Appellant.**

**No. 76–1218.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1976.

Decided Aug. 4, 1976.

---

**664**

Thomas P. Roberts, Clayton, Mo., for appellant.

Michael W. Reap, Asst. U. S. Atty., St. Louis, Mo., for appellee; Donald J. Stohr (former U. S. Atty., effective May 15th Barry Short, U. S. Atty.), and Frank A. Bussmann, Asst. U. S. Atty., St. Louis, Mo., on brief.

Before VAN OOSTERHOUT, Senior Circuit Judge, LAY and HENLEY, Circuit Judges.

LAY, Circuit Judge.

On October 16, 1975, a grand jury indictment was returned against Joseph Ward Easter charging him with possession of a firearm without filing an application in violation of 26 U.S.C. §§ 5861(c) and 5871 and possession of a firearm not registered with the Department of the Treasury in violation of 26 U.S.C. §§ 5861(d) and 5871.

The defendant waived a jury trial and was tried before the United States District Court for the Eastern District of Missouri, the Honorable H. Kenneth Wangelin, presiding. Judge Wangelin, after hearing all of the evidence found defendant guilty and sentenced him to five years on each count to run concurrently. Easter now appeals asserting (1) that his conviction was based on evidence obtained by illegal search and seizure, and (2) that he was deprived of a fair trial because of the ineffective assistance of counsel. We reverse and remand for new trial.

The record shows that in the late afternoon of June 16, 1975, the defendant was returning to his home at 4706 Lee Street in St. Louis, Missouri, where he resided with his wife, child, brother and parents. He testified that as he neared his home he approached and spoke to a man known as "Victor" but that the latter did not respond. According to the defendant he knew Victor and had had some disagreements with him in the past. The defendant further testified that while he was outside his home he saw Victor enter a police car that stopped nearby. He stated that he then entered his house.

According to the government's evidence, on the afternoon in question a man identifying himself only as Victor telephoned the St. Louis, Missouri, Police Department to report that he had been held up by two men with a sawed-off shotgun and revolver, and that afterward he observed them entering 4706 Lee Street. The police, responding to this information from Victor, proceeded to the defendant's residence at 4706 Lee Street, knocked, and announced "Police." Someone in the residence asked the police to wait a minute while they looked for a

key to unlock the door.[1] According to the police officers they waited approximately five minutes and then kicked in the door and entered the residence without a search warrant. The police testified that they found the defendant in a back room, in a crouched position, holding a sawed-off shotgun. The defendant testified that he never handled the 12 gauge sawed-off shotgun and that it did not belong to him.

On appeal the defendant first challenges the legality of the police entry into his home and urges that the shotgun seized was the product of an illegal search. The difficulty with this argument, as acknowledged by defendant's appellate counsel, is that no motion to suppress was filed in the district court nor was an objection made to the introduction of evidence. Under the rules of this court issues not raised in the trial court cannot be raised on appeal absent plain error. *See, e. g., Brennan v. Maxey's Yamaha, Inc.,* 513 F.2d 179, 184 (8th Cir. 1975); *Levitt v. United States,* 517 F.2d 1339 (8th Cir. 1975).

■ Defendant urges that we declare the search illegal under the Fourth Amendment on the ground of plain error. We acknowledge that, on the basis of the evidence presented, the question as to whether there was a legal search is significant. The informant is not identified other than as "Victor" and, on the present record, there exists no corroborating evidence of a robbery. Furthermore, the record strongly suggests that Victor may have harbored animosity toward the defendant and that he misused the police to further harass him. On the strength of these facts, defendant argues that there did not exist probable cause to justify the police breaking into his home.

Although we might be disposed, on the present record, to hold the search illegal, we decline to do so. Because the search was not challenged at trial the government should have the opportunity to develop the record and demonstrate probable cause if possible. We cannot say that plain error exists. As discussed below, we do grant a new trial based on the showing of ineffective assistance of counsel. The illegality of the search can be advanced in the district court upon remand.

Defendant's second contention is that he was denied due process because he had ineffective assistance of counsel. The basic argument is that defendant's appointed counsel was a civil attorney without experience in criminal cases; that he failed to file a motion to suppress the search; and that he failed to object to the introduction of improper evidence at trial. Defendant also claims that his counsel erroneously advised him to sign a jury waiver and that he was further prejudiced when his appointed counsel did not appear at the time of sentencing, but sent an associate in his place.

■ Counsel's failure in the present case to question the search and to object to the evidence was so derelict that the claim of ineffective assistance of counsel must be sustained. We said in *Robinson v. United States,* 448 F.2d 1255, 1256 (8th Cir. 1971):

> In order to assert a Sixth Amendment infirmity on this ground [ineffective assistance of counsel], the circumstances must demonstrate that which amounts to a lawyer's deliberate abdication of his ethical duty to his client. There must be such conscious conduct as to render pretextual an attorney's legal obligation to fairly represent the defendant.

As Chief Judge Gibson recently observed in *Johnson v. United States,* 506 F.2d 640, 646 (8th Cir. 1974):

> A more appropriate nomenclature for the standard would be to test for the degree of competence prevailing among those licensed to practice before the bar. The standard would refer more precisely to the professional competence of one who has completed a long and arduous course of study for professional license, and who has acquired some experience in applying legal principles and conducting court trials.

---

1. According to the defendant the lock on his house door requires a key to open on both the inside and the outside.

As we perceive the standard established in our prior decisions it is that trial counsel fails to render effective assistance when he does not exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances.[2] *See Crismon v. United States,* 510 F.2d 356, 358 (8th Cir. 1975). When he fails in the performance of this duty the proceedings may be said to have been reduced to a "farce" and "mockery of justice." *See McQueen v. Swenson,* 498 F.2d 207 (8th Cir. 1974). A defendant can hardly be faulted in his claim of ineffective assistance of counsel when his appointed attorney has little working knowledge of criminal law. However, this fact alone will not avail a defendant of a claim for ineffective assistance of counsel. Although there is an acknowledged difference between the trials of civil and criminal cases, "civil attorneys" prepare themselves for trial in a vast range of diversified subjects and a competent civil trial lawyer should be able to properly prepare and defend a criminal case.

■ In the present case adequate representation required that counsel contest a police intrusion into the privacy of the defendant's home allegedly brought about by a contrived ruse of an acquaintance. It is fundamental, we think to afford a defendant a fair trial on a criminal charge, that his counsel assert that which may be his only defense. This is particularly true when that defense has a factual basis and there is a recognized and obvious means to suppress evidence which has allegedly been illegally seized. As we said in *Crismon, supra* at 358:

> [J]udges must still make a legal judgment as to whether, in face of the allegations made and the proof adduced, the defendant was materially prejudiced in the defense of his case by the actions or inactions of his counsel.

We find such prejudice here. *See, e. g. Beasley v. United States,* 491 F.2d 687, 696

(6th Cir. 1974); *United States v. Butler,* 164 U.S.App.D.C. 151, 504 F.2d 220, 224 (1974); *Canal Zone v. C.,* 479 F.2d 1253, 1254–55 (5th Cir. 1974); *United States v. Marshall,* 488 F.2d 1169 (9th Cir. 1973); ABA Standards For Criminal Justice, Standards Relating To The Prosecution Function And The Defense Function, § 4.1 and commentary.

The judgment of conviction is vacated and the cause remanded to the district court for appointment of competent trial counsel and for a new trial. The mandate shall issue forthwith and the defendant shall be given the right to apply for immediate bond before the district court.

HENLEY, Circuit Judge (concurring):

The right to counsel has historically been an evolving concept, *Argersinger v. Hamlin,* 407 U.S. 25, 44, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). My dissent in *Thomas v. Wyrick,* 535 F.2d 407 (8th Cir. 1976), called attention to some earlier opinions of this circuit pertinent to development of an acceptable standard by which constitutional adequacy of representation by counsel might be gauged and voiced approval of the standard laid down in *Cardarella v. United States,* 375 F.2d 222 (8th Cir.), *cert. denied,* 389 U.S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176 (1967), as amplified in *Scalf v. Bennett,* 408 F.2d 325 (8th Cir.), *cert. denied,* 396 U.S. 887, 90 S.Ct. 175, 24 L.Ed.2d 161 (1969).

Today the court has announced that the standard established in our prior decisions is that trial counsel fails to render effective assistance when he does not exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances.

The announced standard is a satisfactory sixth amendment articulation presently finding favor in a number of other circuits. *See United States v. DeCoster,* 159 U.S. App.D.C. 326, 487 F.2d 1197 (1973); *Moore*

---

**2.** The Supreme Court in discussing "the right to effective assistance of counsel" indicates that this means simply representation "within the range of competence demanded of attor-

neys in criminal cases." *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970).

*v. United States,* 432 F.2d 730 (3d Cir. 1970); *King v. Beto,* 429 F.2d 221 (5th Cir. 1970); *Coles v. Peyton,* 389 F.2d 224 (4th Cir. 1968); *McKenna v. Ellis,* 280 F.2d 592 (5th Cir. 1960).

I accept the "reasonable competence" test as the law of this circuit and thus join in the opinion of the court and in the result reached.