**Ronald F. GOODLOE, Petitioner,**

v.

**Robert PARRATT, Warden, Nebraska Penal and Correctional Complex, Respondent.**

**Civ. No. 77–L–139.**

United States District Court, D. Nebraska.

June 26, 1978.

---

Charles A. Nanfito, Omaha, Neb., for petitioner.

C. C. Sheldon, Asst. Atty. Gen., State of Nebraska, Lincoln, Neb., for respondent.

MEMORANDUM

DENNEY, District Judge.

On May 7, 1975, the defendant was driving a white and green Dodge automobile on the streets of Blair, Nebraska. An officer of that town's police department attempted to pull Goodloe's car over to the side of the road. His efforts were unsuccessful and a high speed chase took place before the petitioner was taken into custody.

Goodloe was subsequently charged with, *inter alia*, a third offense of willful reckless driving and operating a motor vehicle to avoid arrest. After a trial before a jury, the petitioner was found guilty of the two felony charges and was adjudged an habitual criminal. Goodloe was sentenced to two concurrent terms of ten to fifteen years in the Nebraska Penal Complex. On appeal, the Nebraska Supreme Court upheld the convictions but reduced the sentences to two concurrent terms of ten years each. *State v. Goodloe*, 197 Neb. 632, 250 N.W.2d 606 (1977).

Goodloe subsequently filed this petition for a writ of habeas corpus. Alleging violations of his constitutional rights to protection from double jeopardy and cruel and unusual punishment, as well as deprivation of his rights to a fair trial and due process of law, the petitioner seeks redress in this Court under 28 U.S.C.A. § 2254 (1977).

Before the legal contentions of Goodloe can be properly evaluated, a detailed review of the events surrounding the petitioner's arrest and trial is necessary. The record reflects that two separate complaints were filed in county court as a result of the petitioner's flight from the authorities. The first complaint charged a third offense of willful reckless driving in violation of Neb.Rev.Stat. § 39–669.06 (Reissue 1974). The second complaint charged Goodloe with operating a motor vehicle to avoid arrest

and driving an automobile while his license was suspended. Since the latter charge in the second complaint was a misdemeanor, the county court had jurisdiction to try the petitioner. Subsequent to trial, Goodloe was found guilty of driving with a suspended license. On appeal, the state district court reversed that determination on the ground of insufficient evidence.

At the trial on the two felony charges, the petitioner raised the issue of double jeopardy. Goodloe argued that he could not be found guilty of operating a motor vehicle to avoid arrest unless the State proved a violation of law on the part of the defendant at the inception of the flight. Goodloe maintained that the prosecution had the additional burden of proving that the purpose of the attempt to escape was to avoid arrest for that particular violation. Referring to the language of the arrest warrant, Goodloe established the undisputed fact that the prosecution originally intended to prove that the pre-existing violation of law was the misdemeanor of driving on a suspended license.

The reversal of the county court's decision foreclosed the State from pursuing this theory. Forced to adopt another tack, the prosecution asserted that the defendant could be found guilty of fleeing to avoid arrest for the offense of willful reckless driving. Goodloe now argues that the state court's adoption of the prosecution's position violated his right to be free from double jeopardy.

## DOUBLE JEOPARDY

### Previous Acquittal of Misdemeanor

■ Central to the prohibition against double jeopardy is the rule barring retrial for the same offense after acquittal. This doctrine has been extended to include the situation where a defendant is found innocent of a lesser included offense and is subsequently charged with a greater offense. *Brown v. Ohio*, 432 U.S. 161, 168, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). For one

crime to be a lesser included offense of another, the greater crime must require the proof of every essential element constituting commission of the lesser offense. *United States v. Bear Ribs*, 562 F.2d 563, 564 (8th Cir. 1977), *cert. denied*, 434 U.S. 974, 98 S.Ct. 531, 54 L.Ed.2d 465 (1977).

■ The Court holds that this constitutional protection does not apply to the facts in the present case. The elements that must be established to prove the misdemeanor of driving on a suspended license are totally different from those included in a statute that makes it "unlawful for any person operating any motor vehicle to flee in such vehicle in an effort to avoid arrest for violating any law of this state." 1967 Neb.Laws ch. 390, § 1, p. 1214 (current version at Neb.Rev.Stat. § 60–430.07 (Supp. 1977)). The offense of driving on a suspended license is not incorporated into the unlawful flight law for double jeopardy purposes when a criminal defendant is charged with both. *State v. Colgrove*, 197 Neb. 375, 248 N.W.2d 780 (1977).

Nor is the petitioner's collateral estoppel argument tenable. Goodloe relies upon the Supreme Court decision in *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970), where the doctrine of collateral estoppel is explained as meaning "simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." What the petitioner fails to realize is that the estoppel issue does not arise in the present case because the suspended license charge was never brought to the attention of the jury during the presentation of evidence on the felony counts. No common issue of ultimate fact existed in these separate trials.

In so holding, the Court notes that prosecutors have been criticized, with some justification, for offending the intent of various legislative bodies and the spirit of the double jeopardy clause by charging a defendant

with multiple statutory violations, all of which arose out of a single physical act. *See, e. g., Gore v. United States*, 357 U.S. 386, 394, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958) (dissenting opinion by Warren, C. J.); Comment, *Twice in Jeopardy*, 75 Yale L.J. 262, 304–08 (1965–66). However, since the petitioner's counsel does not raise the question of prosecutorial abuse of power, the Court does not feel compelled to address the issue.

As the petitioner does not argue that the felonies of third offense willful reckless driving and flight to avoid arrest are sufficiently identical to fall within the "same evidence" test set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Court does not reach the question. Nor does the petitioner allege that since the two felonies arose out of the same transaction or event, the filing of two separate felony charges was constitutionally impermissible in light of double jeopardy principles. *See generally Sanabria v. United States*, —— U.S. ——, ——, n.24, 98 S.Ct. 2170, 2181, n.24, 57 L.Ed.2d 43 (1978). Accordingly, the Court will not examine the merits of this potential contention.

*Enhancement of Sentence*

Goodloe maintains that his constitutional right to be free from double jeopardy was further violated by the use of his third conviction of willful reckless driving for purposes of sentence enhancement under Nebraska's habitual criminal statute.

A first offense of willful reckless driving is a misdemeanor under Nebraska law. Neb.Rev.Stat. § 39–669.04 (Reissue 1974). A third or subsequent conviction of reckless or willful reckless driving is considered felonious. Neb.Rev.Stat. § 39–669.06 (Reissue 1974). After a verdict of guilty was returned against Goodloe by a jury on a charge of willful reckless driving, the Court held a separate hearing on the issue of the number of the petitioner's previous convictions. As part of the final punishment imposed, the state court sentenced Goodloe for a third offense of willful reckless driving under Nebraska's habitual criminal statute.

■ The petitioner now argues that the protection from double jeopardy, as incorporated into the Fourteenth Amendment due process clause, forbids the use of a single conviction to elevate a misdemeanor to the status of a felony as well as the use of that felony for sentencing purposes under the habitual criminal law.

The Supreme Court has consistently upheld habitual criminal statutes in the face of attacks based upon double jeopardy grounds. *See, e. g., Graham v. West Virginia*, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912); *McDonald v. Massachusetts*, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901); *Moore v. Missouri*, 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301 (1895). These decisions have uniformly recognized legislative power to provide for a greater punishment for a recidivist. *Graham v. West Virginia*, 224 U.S. at 623–24, 32 S.Ct. 583.

The factual situation at bar is not significantly different from those addressed in this line of authority. The petitioner does not question the power of the Nebraska legislature to proportionally increase criminal penalties as the number of convictions mount. It is the legislative branch, and not the prosecuting attorney, which defines a criminal offense. *Sanabria v. United States*, —— U.S. at ——, 98 S.Ct., at 2181; *Brown v. Ohio*, 432 U.S. at 165, 97 S.Ct. 2221. Application of the principle that the double jeopardy clause does not act as a limitation upon the legislature yields the conclusion that Goodloe's constitutional rights have not been violated. A legislative body can properly pass a statute that allows courts to refer to past misdemeanor convictions for the purpose of punishment enhancement. *State v. Deer*, 129 N.E.2d 667 (Ohio Ct. of Pleas 1955); *People v. Bockman*, 234 App.Div. 494, 255 N.Y.S. 691 (1932). If this sort of enactment is permissible, the Court cannot see how Nebraska's

statutory scheme offends the petitioner's due process right to be free from double jeopardy. Since a third offense of willful reckless driving is a felony under the laws of this state, it is statutorily indisputable that the habitual criminal statute is automatically available to a prosecutor who can establish two pre-existing felony convictions. Neb.Rev.Stat. § 29–2221 (Reissue 1975).

This is not a case where the two prior misdemeanor convictions of willful reckless driving were relied upon by the prosecutor to gain access to harsher sentencing provisions. Goodloe had been previously convicted of the felonies of burglary, possession of a controlled substance, possession of a firearm by a convicted felon and receiving a firearm in commerce, as well as a former conviction of third offense willful reckless driving. No error of constitutional dimension exists on the ground of improper reference to past, nonfelonious offenses given Goodloe's previous record.

## DUE PROCESS

### Sufficiency of Evidence

The petitioner argues that the prosecution failed to establish, by sufficient evidence, all of the essential elements of the felonies of willful reckless driving and flight to avoid arrest.

■ Ordinarily, a federal district court is not empowered to weigh the sufficiency of the evidence supportive of a conviction. *Wilson v. Parratt*, 540 F.2d 415 (8th Cir. 1976). This review is the task of a state appellate court. However, habeas corpus relief is possible if the record is so devoid of evidentiary support underlying the conviction as to raise a due process issue. *White v. Wyrick*, 530 F.2d 818 (8th Cir. 1976).

■ The record discloses that the petitioner ran at least one stop sign, exceeded the speed limit and crossed over the road median during the chase. Even though no property damage was done to any other cars and no injuries were sustained, the Court holds that sufficient evidence exists in the record for a jury to find Goodloe guilty of willful reckless driving.

■ Further examination of the transcript of trial reveals that the police cruiser in pursuit had its sirens and lights on during the high speed chase. The jury could have rationally inferred that the petitioner was aware of the presence of the police officer and was further aware of the probability that he was going to be arrested if he stopped his car. Despite this probable knowledge, Goodloe continued to flee. The Court holds that the evidence in the record is not so scant as to preclude a verdict of guilty on the flight to avoid arrest charge. No due process violation has occurred as a result of Goodloe's conviction of either of these offenses.

### Vagueness and Overbreadth

■ Nebraska's statute proscribing flight to "avoid arrest for violating any law of this state" is challenged by the petitioner on the ground that it is so vague and broad in its scope that it violates the Fourteenth Amendment.

The position of the Supreme Court on this issue is that "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975). Whenever the language of the statute "conveys sufficiently definite warnings as to the proscribed conduct when measured by common understanding and practices," the law satisfies the requirements of the Constitution. *Jordan v. DeGeorge*, 341 U.S. 223, 231–32, 71 S.Ct. 703, 708, 95 L.Ed. 886 (1951). One who challenges a statute on vagueness grounds "must make a showing that the challenged statute lacks specificity as to his own behavior." *United States v. Trudell*, 563 F.2d 889, 892 (8th Cir. 1977).

The Court holds that the statute in question gave the petitioner fair notice that his

conduct was improper. The language of the law, although broadly drawn, prohibits the act of fleeing authorities to avoid arrest. While it is true that the Nebraska Supreme Court has required that the act of willful flight result from a violation of state law, *State v. Goodloe*, 250 N.W.2d at 610, the jury had sufficient evidence before it to find the petitioner guilty of willful reckless driving. The Court believes that the conduct reached by the statute "is only that which the violator knows is wrongful and contrary to law." *United States v. Kirk*, 534 F.2d 1262, 1278 (8th Cir. 1976), *cert. denied* 433 U.S. 907, 97 S.Ct. 2971, 53 L.Ed.2d 1091 (1977). As the United States Supreme Court has stated,

> where the punishment imposed is only for an act knowingly done with the purpose of doing that which the statute prohibits, the accused cannot be said to suffer from lack of warning or knowledge that the act which he does is a violation of law. *Screws v. United States*, 325 U.S. 91, 102, 65 S.Ct. 1031, 1036, 89 L.Ed. 1495 (1945).

After considering the petitioner's contention that the statute is impermissibly vague as applied to him, the Court holds that Goodloe's conviction under Nebraska's unlawful flight statute does not offend the due process clause. The Nebraska Supreme Court's decision in *Heywood v. Brainard*, 181 Neb. 294, 147 N.W.2d 772 (1967), involved a predecessor statute which was subsequently amended to rectify the uncertainty.

■ The argument that the "flight to avoid arrest" statute is overbroad is not persuasive. No First Amendment rights are allegedly inhibited by the existence of this law. Under such circumstances, the overbreadth doctrine does not apply. *United States v. Trudell*, 563 F.2d at 892.

### Effectiveness of Counsel

William K. Schaphorst entered his appearance for the defendant on November 13, 1975. On that same date, Schaphorst filed a motion for a continuance which recited that he had been retained on November 10, 1975, and that he "has had and will have but a few hours to familiarize himself with the history of the case and to prepare himself for trial on November 18, 1975." The motion was overruled because of a lack of a showing of prejudice. The petitioner now argues that the denial of a continuance was prejudicial and violated his right to effective assistance of counsel.

The concept of a constitutionally permissible representation of a criminal defendant was developed in *United States v. Easter*, 539 F.2d 663 (8th Cir. 1976):

> As we perceive the standard established in our prior decisions it is that trial counsel fails to render effective assistance when he does not exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. . . . When he fails in the performance of this duty the proceedings may be said to have been reduced to a "farce" and "mockery of justice." 539 F.2d at 666.

*Accord, Rinehart v. Brewer*, 561 F.2d 126, 131 (8th Cir. 1977).

■ The petitioner faces a number of hurdles at the outset when he seeks habeas relief on this ground. The Eighth Circuit has recognized a presumption of attorney competency. *Thomas v. Wyrick*, 535 F.2d 407, 414 (8th Cir. 1976), *cert. denied* 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148 (1976). This circuit also has held that the adequacy of representation "cannot be determined solely on the basis of the amount of time" an attorney spends with his client. *United States v. Schroeder*, 433 F.2d 846, 852 (8th Cir. 1970), *cert. denied* 401 U.S. 943, 91 S.Ct. 951, 28 L.Ed.2d 224 (1971). Finally, Goodloe is not entitled to the issuance of a writ of habeas corpus unless he further establishes that he was prejudiced by his attorney's ineffective representation. *McQueen v. Swenson*, 560 F.2d 959, 961 (8th Cir. 1977); *United States v. Easter*, 539 F.2d at 666.

■ The Court holds that Mr. Schaphorst represented his client in a manner sufficient to satisfy the *Easter* test. The petitioner has failed to show how the investigation of the facts in the case suffered from the late retention of this attorney. Moreover, Schaphorst demonstrated a familiarity with the law of the case in his arguments before the state court at the close of the evidence as well as during the instructional conference. No error of constitutional magnitude exists due to the failure to grant a continuance. *United States v. Turner*, 551 F.2d 780, 782 (8th Cir. 1977), *cert. denied* 431 U.S. 942, 97 S.Ct. 2660, 53 L.Ed.2d 262 (1977).

### Prosecutorial Sentencing Authority

Goodloe maintains that Nebraska's habitual criminal statute vests unreviewable sentencing authority in a prosecuting attorney. The petitioner points out that anyone charged and convicted as an habitual criminal must be sentenced to a minimum of ten years under Nebraska law. It is argued that this removal of sentencing discretion from a state court is violative of the due process clause.

■ This precise issue was raised before a judicial panel in the case of *Martin v. Parratt*, 549 F.2d 50 (8th Cir. 1977). The Eighth Circuit rejected the constitutional argument in that litigation, and this Court feels bound by this direct precedent. The subsequent decision of the Eighth Circuit in *Brown v. Parratt*, 560 F.2d 303 (8th Cir. 1977), affirmed the holding of *Martin*. Although the petitioner argues the same points raised in the thoughtful concurrence of Circuit Judge Heaney in *Brown*, the Court again feels that the doctrine of stare decisis precludes the overruling of these two holdings. Even the three judge panel in *Brown* recognized that it could not overrule *Martin* without a sitting of the circuit *en banc*. This Court has no greater power than an appellate panel.

### Cruel and Unusual Punishment

■ Goodloe's final contention goes to the violation of his constitutional right to be free from cruel and unusual punishment. It is argued that application of Nebraska's habitual criminal statute resulted in a sentence grossly disproportionate to the underlying offenses.

The Court rejects Goodloe's position on the basis of *Brown v. Parratt*, 560 F.2d at 303–05. The Eighth Circuit has never expressly adopted the "objective factor" test formulated in *Hart v. Coiner*, 483 F.2d 136 (4th Cir. 1973), *cert. denied* 415 U.S. 938, 94 S.Ct. 1454, 39 L.Ed.2d 495 (1974) (untimely filed), *cert. denied* 415 U.S. 983, 94 S.Ct. 1577, 39 L.Ed.2d 881 (1974) (in forma pauperis motion denied). Rather, this circuit has held that the factors set forth by the Supreme Court in *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), were uniquely applicable to the sentence of death. *Brown v. Parratt*, 560 F.2d at 304. No such judgment is at issue here.

The petitioner relies on various statistical data to show how the application of the habitual criminal statute was selective and arbitrary, especially considering the gravity of the crimes involved. The Court holds that this evidence is no more complete than that compiled in the *Brown* case. Even Circuit Judge Heaney conceded the fact that the statistical analysis presented in *Brown* was "not sufficiently comprehensive." *Brown v. Parratt*, 560 F.2d at 305 n.1.

After reviewing the petitioner's past felony conviction record and the record as a whole, the Court believes that Goodloe's punishment was not unconstitutionally disproportionate under the applicable tests and precedents.

An order has been entered contemporaneously herewith in accordance with this Memorandum Opinion.