BYE, Circuit Judge,
concurring.
I agree remand for an evidentiary hearing is unnecessary in this matter. However, I write separately with regard to section II.A.
The Court finds Griffin’s counsel made a reasonable strategic decision to forgo a suppression motion in part because the case proceeded to a bench trial and the judge would be able to accurately determine the credibility of Detective Taraski at trial. It is well-established that a § 2255 petitioner can “establish lack of diligence on the part of the attorney” if he or she can show a motion to suppress “what is essentially the only evidence against [the] defendant” would have been successful. United States v. Johnson, 707 F.2d 317, 320 (8th Cir.1983) (citing United States v. Easter, 539 F.2d 663 (8th Cir.1976)); see also United States v. Luke, 686 F.3d 600, 605 (8th Cir.2012). This rule applies equally to bench trials as it does to jury trials. Even though Griffin elected to proceed to a bench trial, he still asked his counsel to file a motion to suppress. Griffin’s counsel failed to file the motion, and because Griffin exercised his right not to testify in his own defense, the trial court never received Griffin’s account of the Detective Taraski interrogation.
Although I find troubling Griffin’s account of his trial representation, I agree in this instance a motion to suppress would have been unsuccessful because trial counsel knew Griffin signed a Miranda waiver, which indicated Griffin understood the enumerated rights and expressed his intention to waive his Fifth Amendment privilege. Griffin does not assert the Miranda waiver was invalid, and I agree the signed Miranda waiver would have made a motion to suppress unsuccessful. Because the motion to suppress would not have succeeded, I agree Griffin has failed to demonstrate ineffective assistance of counsel. See Johnson, 707 F.2d at 320 (requir *626 ing a § 2255 petitioner to show the motion to suppress would have succeeded).